IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CR-00298-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| QUINBY BOYD | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on Amendment 821 to the United States Sentencing Guidelines relating to status points. (Doc. No. 108).

Part A of the Amendment is retroactive and amended USSG §4A1.1 to limit the impact of status points on criminal history category. USSG §1B1.10(d), comment. (n.7). Here, the defendant's criminal history category was not impacted by status points, but rather determined by the career offender guideline.[1] (Doc. No. 33: Presentence Report ¶51). Accordingly, he is not eligible for relief. USSG §1B1.10 comment. (n.1(A)(ii)) (defendant not eligible for reduction where another guideline provision prevents lowering of guideline range).

---

[1] The defendant insists that if he were sentenced today, he would not qualify as a career offender. (Doc. No. 108: Motion at 3). However, in determining whether a defendant is eligible for retroactive relief under USSG §1B1.10, "the sentencing court must 'substitute only the amendments' rendered retroactive by the Commission and 'leave all other guideline application decisions unaffected.'" United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (quoting USSG §1B1.10(b)(1)).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

Signed: December 1, 2023

Robert J. Conrad, Jr.
United States District Judge